UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

M.R. and L.H., minors, individually,
by and through their Parent,
DARNISHA GARBADE,

                Plaintiffs,

      v.                                                        Case No. 21-cv-1284

BURLINGTON AREA SCHOOL DISTRICT,
PRINCIPAL SCOTT SCHIMMEL (in his individual capacity),

                Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, Burlington Area School District and Principal Scott Schimmel, by their attorneys, Axley Brynelson, LLP, by Attorneys Lori M. Lubinsky, Danielle Baudhuin Tierney, and Lili C. Behm, and for their Answer to Plaintiff's Complaint, state as follows:

    1.      Upon information and belief, Defendants admit the allegations in Paragraph 1 of Plaintiffs' Complaint.

    2.      Upon information and belief, Defendants admit the allegations in Paragraph 2 of Plaintiffs' Complaint.

    3.      In answering Paragraph 3 of Plaintiffs' Complaint, Defendants admit that the Burlington Area School District is a public education school district in Wisconsin and is a publically funded entity. The remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint are legal conclusions to which no answer is required. To the extent answers are required, Defendants deny and put Plaintiffs to their proof thereon.

4. In answering Paragraph 4 of Plaintiffs' Complaint, Defendants admit that Defendant Schimmel is an adult resident of the State of Wisconsin and, at all times relevant to this lawsuit, was employed by the Burlington Area School District. Deny all remaining allegations.

5. The allegations contained in Paragraph 5 of Plaintiffs' Complaint are legal conclusions to which no answer is required. To the extent answers are required, Defendants admit.

6. The allegations contained in Paragraph 6 of Plaintiffs' Complaint are legal conclusions to which no answer is required. To the extent answers are required, Defendants admit.

7. The allegations contained in Paragraph 7 of Plaintiffs' Complaint are legal conclusions to which no answer is required. To the extent answers are required, Defendants deny.

8. The allegations contained in Paragraph 8 of Plaintiffs' Complaint are legal conclusions to which no answer is required. To the extent answers are required, Defendants deny.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

12. In answering Paragraph 12 of Plaintiffs Complaint, Defendants admit, upon information and belief, that from 2016 to 2020, MR progressed from Grade 3 to Grade 6, that MR

grew from seven years old to eleven years old, that LH progressed from Grade 6 to Grade 9, and that LH grew from eleven years old to fifteen years old. Deny all reaming allegations.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

16. In answering Paragraph 16 of Plaintiffs' Complaint, Defendants admit that, on or about October 4, 2017, MR brought an airsoft gun to school and that MR had the airsoft gun visible on the playground around other students and visible on the bus. Deny all remaining allegations.

17. In answering Paragraph 17 of Plaintiffs' Complaint, Defendants admit that the airsoft gun was reported to the school principal, Jacqueline Syens. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.[1]

18. In answering Paragraph 18 of Plaintiffs' Complaint, Defendants admit that Principal Syens sent an email advising that she "was contacted by Thomas Bus Service stating that a Winkler student had an unloaded BB gun on the bus," that "[t]he bus driver retrieved the gun…," and "no children were in danger at any time and disciplinary actions have been taken." Defendants affirmatively allege that the email referenced and replicated in part in Paragraph 18 of Plaintiffs'

---

[1] In answering the allegations contained in Footnote 1 of Plaintiffs' Complaint, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations and put Plaintiffs to their proof thereon.

Complaint speaks for itself and denies all allegations to the contrary, and denies any and all remaining allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. In answering Paragraph 24 of Plaintiffs' Complaint, Defendants admit that MR was suspended for one day for bringing the airsoft gun to school. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

27. In answering Paragraph 27 of Plaintiffs' Complaint, Defendants admit, upon information and belief, that Garbade arrived on October 6, 2017 to pick up the airsoft gun. Defendants deny all remaining allegations.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

29. In answering Paragraph 29 of Plaintiffs' Complaint, Defendants admit that Garbade met with Smet and Syens on October 10, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

30. In answering Paragraph 30 of Plaintiffs' Complaint, Defendants admit that Syens sent another email on October 10, 2017 at 4:15 p.m. which stated that "[i]t ha[d] been verified that it was a toy airsoft gun (not a BB gun as stated in [her] previous email," admit that the email referenced District Policy 443.6, and admit that District Policy 443.6 contains, in part, the language quoted in Paragraph 30 of Plaintiffs' Complaint. Deny all remaining allegations.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiffs' Complaint and, therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the allegations in Paragraph 31 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the allegations in Paragraph 32 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

33. In answering Paragraph 33 of Plaintiffs' Complaint, Defendants admit that Garbade emailed pictures to the District on or about September 18, 2018. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33

of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any further response to the allegations in Paragraph 33 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

34. In answering Paragraph 34 of Plaintiffs' Complaint, Defendants admit that Garbade contacted Schimmel on or about November 9, 2018. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any further response to the allegations in Paragraph 34 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the allegations in Paragraph 35 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

36. In answering Paragraph 36 of Plaintiffs' Complaint, Defendants admit that Garbade communicated with SRO Borchardt in April 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the remaining allegations in Paragraph 36 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

38. In answering Paragraph 38 of Plaintiffs' Complaint, Defendants admit that Garbade sent pictures to Schimmel on January 10, 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the remaining allegations in Paragraph 38 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

40. In answering Paragraph 40 of Plaintiffs' Complaint, Defendants admit that Schimmel spoke with MR on or about February 4, 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the remaining allegations in Paragraph 40 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

41. In answering Paragraph 41 of Plaintiffs' Complaint, Defendants admit that Garbade contacted Smet. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the remaining allegations in Paragraph 41 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the allegations in Paragraph 43 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

44. In answering Paragraph 44 of Plaintiffs' Complaint, Defendants admit that Garbade emailed Schimmel and wrote "a student stat[ed] some things about her race/skin color that she kind of perceived as racism, but she wasn't sure if that's what it was or not." Deny all remaining allegations.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the allegations in Paragraph 45 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

46. In answering Paragraph 46 of Plaintiffs' Complaint, Defendants admit that SRO Borchardt and Schimmel met in the spring of 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the remaining allegations in Paragraph 46 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

48. In answering Paragraph 48 of Plaintiffs' Complaint, Defendants admit that Schimmel received information that two students were making fun of MR on or about April 25, 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the remaining allegations in Paragraph 48 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. In answering Paragraph 51 of Plaintiffs' Complaint, Defendants admit that Garbade emailed Smet on May 13, 2019, and admit that Smet informed Garbade that he was sending all building principals and assistant principals to a seminar on Culturally Responsive Classrooms on June 18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the remaining allegations in Paragraph 51 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the allegations in Paragraph 52 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

53. In answering Paragraph 53 of Plaintiffs' Complaint, Defendants deny that Schimmel had actual knowledge of racial bullying during the 2018-2019 school year. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

55. In answering Paragraph 55 of Plaintiffs' Complaint, Defendants admit that Garbade emailed Eric Burling, Stephen Plank, and Jeannie Hefty and alleged that a student said "people are like jellybeans, no one likes the black ones." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the remaining allegations in Paragraph 55 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the allegations in Paragraph 56 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

57. In answering Paragraph 57 of Plaintiffs' Complaint, Defendants admit that Garbade submitted an email to Eric Burling, Stephen Plank, and Jeannie Hefty alleging that a student used the "n word" on the school bus in September 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon. Defendants also affirmatively allege that any response to the remaining allegations in Paragraph 57 may violate Wis. Stat. § 118.125(2)(c) and/or 20 U.S.C. § 1232g.

58. In answering Paragraph 58 of Plaintiffs' Complaint, Defendants admit that MR received a bus ticket on October 16, 2019 and affirmatively allege that the Thomas Bus Company issued the ticket. Deny all remaining allegations.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

61. In answering Paragraph 61 of Plaintiffs' Complaint, Defendants admit that on or about January 29, 2020, MR fell down the stairs at Dyer Intermediate School and admit that Schimmel reviewed video footage of the staircase. Deny all remaining allegations.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

63. In answering Paragraph 63 of Plaintiffs' Complaint, Defendants admit that Garbade emailed Carrie Heck on March 2, 2020 and alleged that her daughter "was recently told that she's smart [*sic*] to be black…." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

64. In answering Paragraph 64 of Plaintiffs' Complaint, Defendants admit that Garbade emailed Plank on February 9, 2020 wherein she stated that she and five others "are planning to attend the school board meeting tomorrow night" and that she stated that she was "looking to speak … about the safety of our children within the school district." Defendants admit that Plank emailed Garbade on February 20, 2020 and said, in part, "[m]y experience is that each time we speak, you leave unsatisfied that the progress isn't' enough or at a pace that satisfies you." Defendants further admit that Garbade emailed Plank on February 22, 2020 and stated, "Yes, you're right, I've walked away from each of our conversations unsatisfied, as I should, since there was never a plan of action put in place to keep our children safe. … there's been many others who have complained to various school officials about racist practices and racism, some even more recent. However, our cries appears [*sic*] to have fallen upon deaf ears." Defendants affirmatively allege that the email thread referenced and replicated in part in Paragraph 64 of Plaintiffs' Complaint speaks for itself and denies all allegations to the contrary, and denies any and all remaining allegations in Paragraph 64 of Plaintiffs' Complaint.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of Plaintiffs' Complaint and therefore, deny said allegations and put Plaintiffs to their proof thereon.

68. In answering Paragraph 68 of Plaintiff's Complaint, Defendants admit that on April 9, 2021, Wisconsin Assistant State Superintendent, Barbara Van Haren issued a Decision and Order, and admit that a true and correct copy of the decision is attached to Plaintiff's Complaint as Exhibit A. Defendants deny the truth of the assertions within Exhibit A, affirmatively allege that Exhibit A speaks for itself and deny all allegations to the contrary, and deny any and all remaining allegations in Paragraph 68 of Plaintiff's Complaint.

69. In answering Paragraph 69 of Plaintiff's Complaint, Defendants admit that on April 9, 2021, Wisconsin Assistant State Superintendent, Barbara Van Haren issued an Order, and admits that a true and correct copy of the order is attached to Plaintiff's Complaint as Exhibit A. Defendants deny the truth of the assertions within Exhibit A, affirmatively allege that Exhibit A speaks for itself and deny all allegations to the contrary, and deny any and all remaining allegations in Paragraph 69 of Plaintiff's Complaint.

70. Defendants admit the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71. In answering Paragraph 71 of Plaintiff's Complaint, Defendants reincorporate their answers to the preceding paragraphs as if fully stated herein.

72. Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77. In answering Paragraph 77 of Plaintiff's Complaint, Defendants reincorporate their answers to the preceding paragraphs as if fully stated herein.

78. The allegations contained in Paragraph 78 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent answers are required, Defendants deny and put Plaintiffs to their proof thereon.

79. Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82. Defendants deny all allegations in the Complaint that are not affirmatively admitted herein.

## **AFFIRMATIVE DEFENSES**

Defendants, further answering Plaintiffs' Complaint by way of affirmative defenses applicable to all claims for relief, allege as follows:

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted;

2. Plaintiffs' Complaint fails to state a basis to impose punitive damages against Defendant Schimmel;

3. Defendants did not act with deliberate indifference to any complaints or allegations raised by or on behalf of Plaintiffs;

4. Defendant Schimmel is entitled to qualified immunity;

5. Plaintiffs' injuries and/or damages may have been proximately caused by the actions of persons over whom this answering Defendants have no responsibility or control;

6. Defendants allege all affirmative defenses required to be pled under Rule 12(b), Fed. R. Civ. Pro., for the purpose of avoiding waiver of any such defenses as they may later apply; and

7. Defendants reserve the right to assert any further affirmative defenses that may become available as discovery proceeds in this matter.

WHEREFORE, Defendants Burlington Area School District and Scott Schimmel demand judgment dismissing Plaintiffs' Complaint, and awarding Defendants their costs, attorney's fees, and such other relief the Court deems just and equitable.

Dated this 23rd day of December, 2021.

*s/ Danielle Baudhuin Tierney*
Lori M. Lubinsky, SBN 1027575
Danielle Baudhuin Tierney, SBN 1096371
Lili C. Behm, SBN 1107458
Attorneys for Defendants
AXLEY BRYNELSON, LLP
P.O. Box 1767
Madison, WI 53701-1767
Telephone: 608.257.5661
Email: llubinsky@axley.com; dtierney@axley.com, lbehm@axley.com