UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNISHA GARBADE,

    Plaintiff,

  v.                                                  Case No. 21-CV-1283

TAYLOR M. WISHAU
(in his individual capacity),

    Defendant.

---

M.R. and L.H., minors, individually,
by and through their Parent,
DARNISHA GARBADE,

    Plaintiffs,

  v.

                                                  Case No. 21-CV-1284

BURLINGTON AREA SCHOOL DISTRICT,
PRINCIPAL SCOTT SCHIMMEL (in his individual capacity),

    Defendants.

---

**DECISION AND ORDER ON PLAINTIFF'S MOTION TO REASSIGN CASE**

---

       Currently pending before me is Darnisha Garbade's lawsuit against Taylor Wishau, the Treasurer of the Burlington Area School District School Board, alleging violations of her First Amendment rights pursuant to 42 U.S.C. § 1983. (Docket # 1 in Case No. 21-CV-1283-NJ.) Garbade filed an additional lawsuit on behalf of her two minor children against the Burlington Area School District and Principal Scott Schimmel alleging violations of Title VI and 42 U.S.C. §

1983. (Docket # 1 in Case No. 21-CV-1284-JPS.) The second case is currently assigned to the Honorable J.P. Stadtmueller.

Garbade now moves to reassign Case No. 21-CV-1284 to me because it relates to Case No. 21-CV-1283. Both cases raise civil rights violations stemming from actions taken by the Burlington Area School District and its employees against Garbade and her minor children. Garbade asserts that both parties acknowledge and agree that the two actions are related and argues that due to the commonality of the cases, the handling of both cases by the same judge is likely to result in substantial saving of judicial resources. (Docket # 17 at 2 in Case No. 21-CV-1283.)

Civil L.R. 3(b) (E.D. Wis.) provides that when the civil cover sheet discloses a pending related civil action, the new civil action will be assigned to the same judge. Factors to be considered in determining whether the actions are related include whether the actions: (i) arise from substantially the same transaction or events; (ii) involve substantially the same parties or property; or (iii) involve the same patent, trademark or copyright. Furthermore, the judge to whom the action with the lower case number is assigned must resolve any dispute as to whether the actions are related.

Because both cases arise from substantially the same transaction or events and involve substantially the same parties, I find that Case No. 21-CV-1284 should be reassigned to this Court. Plaintiff's motion is granted.

**ORDER**

**NOW, THEREFORE, IS IT HEREBY ORDERED** that plaintiff's motion to reassign case (Docket # 17 in Case No. 21-CV-1283 and Docket # 13 in Case No. 21-CV-1284) is

**GRANTED**. Case No. 21-CV-1284 is reassigned to Magistrate Judge Nancy Joseph. Judge J.P. Stadtmueller is no longer assigned to the case.

Dated at Milwaukee, Wisconsin this 18th day of January, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge