# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| M.R. and L.H., *minors, individually, by and through their Parent,* DARNISHA GARBADE,<br><br>Plaintiffs,<br><br>v.<br><br>BURLINGTON AREA SCHOOL DISTRICT and SCOTT SCHIMMEL,<br><br>Defendants. | Case No. 21-CV-1284-JPS<br><br><br>**ORDER** |

  This case comes before the Court on (1) Defendants' motion for protective order, (2) Plaintiffs' motion for leave to take 16 depositions, and (3) Plaintiffs' motion to compel discovery responses. ECF Nos. 24, 31, 33. Defendants' motion for protective order was filed twice with an alteration in the second filing only as to the format of the cover page; therefore, the Court will summarily deny as moot the first version of the motion docketed at ECF No. 23. Plaintiffs also filed a motion to seal (or, more accurately, to file in redacted form) documents supporting their response to Defendants' motion for protective order as they contain confidential information and identities of minor children. ECF No. 29. The Court will grant the motion to file the documents in redacted form.

  As to the three discovery-related motions, ECF Nos. 24, 31, 33, parties are required to respond promptly and in good faith to discovery requests. Fed. R. Civ. P. 26(a), 33(b)(2), 34(b)(2). If a party fails to respond, the opposition may file a motion to compel. Fed. R. Civ. P. 37(a). Before doing so, however, both Federal Rule of Civil Procedure 37(a) and Civil

Local Rule 37 require the party to personally consult with the opposing party in order to resolve differences. Both rules require a written certification that the moving party has attempted, in good faith, to confer. Civ. L.R. 37. Defendants' motion for protective order and Plaintiffs' motion for leave to take 16 depositions both include the requisite certification. ECF No. 24 at 2; ECF No. 31 at 1. Plaintiffs' motion to compel discovery responses, however, does not. Nonetheless, Defendants represent that despite Plaintiffs' failure to include the certification, they join Plaintiffs' request for a ruling from the Court on the issue and, in their response, "certify that the parties are unable to reach an accord on this issue." ECF No. 36 at 2 n.1.

Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 37 are designed to prevent discovery motions such as the three motions now before the Court. The Court has neither the time nor the inclination to involve itself in aspects of the case that our legal system entrusts attorneys to handle in a cooperative, professional manner. Indeed, this Court designs its scheduling orders such that parties are free to coordinate and conduct discovery as they so agree, and it is a rare day when this Court is invited to intervene on a discovery spat—let alone flooded with three discovery spats, accompanied by hundreds of pages of supporting documents. The Court is obliged to rule on the two motions that include certifications, and will exercise its discretion to rule on the third. However, the Court cautions the parties that, at the end of the day, the Court (and, if necessary, a jury) will see through inadequate preparation and attempts at obfuscation. The Court will address the motions out of order, as its resolution of Plaintiffs' motion to compel discovery responses, in turn, has a domino effect on Defendants' motion for protective order.

1.  **PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiffs allege a Title VI claim against Defendant Burlington Area School District (the "District") related to allegations of peer-to-peer racial discrimination inflicted upon Plaintiffs M.R. and L.H., and a Title 42, United States Code, Section 1983 claim against Defendant Principal Scott Schimmel ("Schimmel"). ECF No. 1 at 28–29. The allegations underlying the complaint span the years 2016 through 2020. *Id.* at 5. Defendants represent that the 2019-2020 school year concluded on June 5, 2020, and that Plaintiffs M.R. and L.H. did not attend school within the District after that school year. ECF No. 26 at 1; *see also* ECF No. 1 at 26. Plaintiffs plead one incident following June 5, 2020 in their complaint. ECF No. 1 at 22 ("On December 12, 2020 a white female student at Burlington High School told LH that she is too smart to be Black. Ms. Garbade reported this incident, along with many other incidents, to teacher Mrs. Heck in an email dated March 2, 2020."). Given that a December 2020 incident could not be reported in March 2020, however, the Court is uncertain as to whether the last alleged harassing incident occurred in December 2020, or prior to Plaintiffs M.R.'s and L.H.'s transfer out of the District.

Plaintiffs move to compel "complete responses to [their] discovery requests regarding complaints of harassment, bullying, and discrimination involving students other than Plaintiffs." ECF No. 33 at 1. Plaintiffs do not cite which specific discovery requests are the subject of their motion, referring the Court instead to Defendants' 40-page set of discovery responses as a whole. *Id.* (citing ECF No. 25-3). The Court will not engage in an archaeological dig through Plaintiffs' requests, which number over 50, to determine for Plaintiffs which requests are subject to the motion. The

Court will instead rely on the parties' briefing and address the general categories of discovery requests addressed therein.

First, the Court agrees with Defendants that complaints regarding "any kind of harassment or bullying by other students" are not relevant to Plaintiffs' Title IV claim. *Banks v. Baraboo Sch. Dist.*, No. 20-CV-36, 2020 WL 5751415, at *6 (W.D. Wis. Sept. 25, 2020). "Title VI aims to remedy a district's failure to respond reasonably to known risks of severe and pervasive *race*-based harassment, not to impose liability for simple acts of teasing and name-calling among school children." *Id.* (citations omitted). Consequently, "[c]omplaints of bullying or harassment not targeted to or motivated by the victim's race do not tend to show a racially-hostile learning environment." *Id.* To the extent any of the discovery requests subject to Plaintiffs' motion involve claims of harassment, bullying, and discrimination unrelated to race, discovery as to those requests is precluded.

The more complicated question is whether Plaintiffs are entitled to discovery regarding other students' complaints of peer-to-peer racially-motivated bullying, discrimination, or harassment. To state a claim for peer-to-peer harassment under Title VI, a plaintiff must prove that "[1] the harassment was discriminatory, [2] the school officials had actual knowledge of the harassment, [3] the harassment was so severe, pervasive, and objectively offensive that it . . . deprives the victims of access to educational opportunities, and [4] officials were deliberately indifferent to the harassment." *Doe v. Galster*, 768 F.3d 611, 617 (7th Cir. 2014). Plaintiffs aver that discovery of other students' complaints of peer-to-peer racially-motivated bullying, discrimination, or harassment is relevant to the second and fourth elements of their Title VI claim. ECF No. 33 at 2. Specifically, they allege that such discovery may reveal whether Defendants "had actual

notice of a racially hostile environment in its programs that adversely affected students," and whether "Defendants failed, or knew [they were] failing to respond accordingly to the racially harassing environment." *Id.* at 2–3.

The Seventh Circuit recently clarified the standard to prove the first element, actual knowledge, in Title IX claims. *C.S. v. Madison Metro. Sch. Dist.*, 34 F.4th 536, 543 (7th Cir. 2022). "Title VI and Title IX are so similar that a decision interpreting one generally applies to the other." *Galster*, 768 F.3d at 617. Thus, the Court will turn to *C.S.* for guidance.

The *C.S.* holding tightens the standard for actual knowledge in that it eliminates liability where alleged actual knowledge is based solely on risk "without any indication of past or present harassment." 34 F.4th at 542. "[A]ppreciation of a risk of future misconduct," on the one hand, is non-actionable, while "actual knowledge of past or ongoing misconduct," on the other hand, is actionable. *Id.* In other words, "[o]nly once the misconduct line has actually been crossed does Title IX impose an affirmative obligation on school districts to act." *Id.* Importantly, the *C.S.* court recognizes that "[c]ertain facts, if severe or pervasive enough, can at once both satisfy . . . [past or ongoing] misconduct *and* reveal risk of further and more grievous harm." *Id.* This triggers the "deliberate indifference" element. "Risk qua risk, in short, is not actionable, but past misconduct revealing risks of further discrimination requires the school district to respond accordingly." *Id.* at 542. The *C.S.* court further explicitly recognizes that "[r]eality often manifests in shades of gray"; therefore, these claims rely upon "the litigation process (discovery and summary judgment, in particular) . . . [to] allow everything to get sorted out after the fact." *Id.* at 545.

Defendants refer the Court to a July 27, 2022 discovery order issued by Magistrate Judge Stephen L. Crocker in light of *C.S.* in a similar Title VI case, which is being litigated by the same attorneys litigating the case at bar. ECF No. 35-2 (*K.W. v. Sch. Dist. of Somerset*, 21-CV-634 (W.D. Wis. July 27, 2022)). The parties are currently appealing the order to the district court in that case. Other than Magistrate Judge Crocker's order in *K.W.*, which is persuasive authority before the Court, the Court has not been able to locate any binding or persuasive authority on whether a plaintiff is entitled to discovery regarding other students' complaints in Title VI claims in light of *C.S.* Thus, the Court considers Magistrate Judge Crocker's opinion in *K.W.*

In *K.W.*, Magistrate Judge Crocker reviewed the *C.S.* decision, first noting that "*C.S.* has tightened up these types of cases . . . and what it is that a plaintiff has to prove and therefore what evidence is relevant towards that proof." ECF No. 35-3 at 4. Accordingly, Magistrate Judge Crocker held that he would conduct *in camera* review of the records of only the three students alleged to be perpetrators of racial animus in that case to determine whether those three "engaged in other acts of racial animus against other people." *Id.* at 8. The basis for that holding was that, "in light of *C.S.* . . . . [i]f it isn't directly related to what happened to these plaintiffs and if the defendants didn't know about what happened to these plaintiffs, . . . it's not coming in at trial and therefore it's not relevant." *Id.* at 11. Magistrate Judge Crocker precluded discovery as to all other requests regarding complaints by other students of racially-motivated bullying, harassment, or discrimination. As to the records subject to *in camera* review, Magistrate Judge Crocker held that all records from the alleged perpetrators' student careers would be subject to *in camera* review, but noted that it is likely that he would determine that "post-complaint events are not relevant." *Id.* at 9.

The Court agrees with Magistrate Judge Crocker's holding that *C.S.* has tightened the standard for actual knowledge, but disagrees with the application of the holding to discovery disputes. First, although Magistrate Judge Crocker verbally stated at the hearing on the disputes that he would conduct *in camera* review as to whether the three perpetrators in that case "engaged in other acts of racial animus against other people," in his written order, he held that "evidence that district employers were aware of racial harassment against other students . . . is not relevant to whether the school district's employees had actual knowledge that the *plaintiffs* were subjected to racial discrimination." ECF No. 35-3 (emphasis in original). To the extent Magistrate Judge Crocker holds, or implies, to the contrary, the Court does not read *C.S.* as requiring proof of actual knowledge of misconduct *to the specific plaintiffs*. Indeed, *C.S.* explicitly cites case law holding that "no circuit has interpreted . . . [the] actual notice requirement so as to require notice of the prior harassment of the Title IX plaintiff *herself*." 34 F.4th at 544 (citing *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1257 (11th Cir. 2010)). *C.S.* plainly does not hold that a school district must have actual knowledge of harassment done *to the plaintiffs themselves* to satisfy the requirement. Therefore, the Court will not limit discovery to only Plaintiffs' alleged harassment and/or complaints.

Further, contrary to Magistrate Judge Crocker's holding, the *C.S.* opinion does not hold that a school district's knowledge of misconduct, or of facts amounting to severe and pervasive enough misconduct that *also* reveals risk of further harm, requires actual knowledge of misconduct by the specific perpetrator(s). Indeed, the United States Supreme Court, in analyzing claims of peer-to-peer harassment, has categorized the claims in

terms of misconduct conducted by and towards class(es) of students within the student body:

> Consider, for example, a case in which male students physically threaten their female peers every day, successfully preventing the female students from using a particular school resource—an athletic field or a computer lab, for instance. District administrators are well aware of the daily ritual, yet they deliberately ignore requests for aid from the female students wishing to use the resource.

*Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650–51 (1999).

This case is before the Court at the discovery stage. As the *C.S.* court anticipated, where the line is blurry as to whether there is actionable actual knowledge of past or ongoing misconduct, or only a non-actionable mere risk of misconduct, discovery is necessary to sort the issue out. The Court thus parts ways with Magistrate Judge Crocker and will not limit discovery to only complaints of peer-to-peer racial harassment, discrimination, or bullying inflicted by the specific perpetrator(s). First, Plaintiffs allege over a dozen instances of misconduct by just as many different perpetrators. Second, nothing in *C.S.* limits actual knowledge to knowledge of misconduct by a specific perpetrator. And finally, the United States Supreme Court has explained that actual knowledge and deliberate indifference may be established in peer-to-peer cases based on acts of misconduct by certain classes of a student body against other classes of a student body.

The Court makes no comment at this juncture on the merits of Plaintiffs' claims; this Order is limited solely to permitting discovery into other students' complaints to the District of peer-to-peer racial harassment, bullying, or discrimination. To the extent there are additional schools in the

District other than the schools Plaintiffs M.R. and L.H. attended, discovery is limited to the schools that Plaintiffs M.R. and L.H. attended. The Court will further limit discovery to the last date of alleged harassment, whether that be the end of the 2019-2020 school year, or December 2020. The parties must solve amongst themselves the timing discrepancy in the pleadings that the Court identified above.

Finally, the Court considers Defendants' argument that, if the Court holds that complaints by students about other students' alleged racial discrimination, harassment, or bullying are relevant and discoverable, the cost of disclosing the complaints outweighs their relevance. ECF No. 36 at 4. As stated, this Order limits discovery to (1) the last date of alleged harassment, regarding (2) only complaints related to peer-to-peer racial animus, and (3) only in the schools Plaintiffs M.R. and L.H. attended. Should these limitations not address the cost concerns Defendants raise, the parties must meet-and-confer on an appropriate set of search terms to address those concerns. Defendants represent that the search terms they have already run generated nearly four million potentially responsive documents, which is clearly disproportionate. As officers of the court, the Court trusts that the parties' respective attorneys can capably meet-and-confer to narrow the search terms such that the number of responsive documents is more manageable. Accordingly, the Court grants in part and denies in part Plaintiffs' motion to compel in accordance with the terms of this Order.

2.  **DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants move for a protective order "forbidding discovery regarding information (1) related to any staff members not identified in the Complaint and (2) related to events which allegedly occurred after the 2019-

2020 school year." ECF No. 24. Despite Defendants not providing the names of the "staff members not identified in the complaint" for the Court, and supplying inaccurate citations to the supporting documents, the Court discerns that the staff members are Jeff Taff ("Taff") and Melissa Statz ("Statz"). ECF No. 25-3 at 27. Defendants also raise Dan Powers ("Powers"), who *is* identified in Plaintiffs' complaint; therefore, the Court interprets the request for a protective order as to Powers to go to the scope of the deposition, not the taking of the deposition itself.

To be clear, the Court does not read Defendants' motion as objecting to the deposition of Powers, as Plaintiffs suggest (ECF No. 27 at 1), but rather as an objection to deposing Powers regarding the time period after the 2019-2020 school year (ECF No. 24 at 3). *See also* ECF No. 25 at 2 (defense counsel "requested that Powers' deposition be delayed"). Nonetheless, the majority of Plaintiffs' opposition is dedicated to arguing that the Powers deposition should proceed. ECF No. 27 at 1–4. Similarly, the Court does not read Defendants' motion as requesting a protective order precluding the deposition of Schimmel. Instead, Defendants appear to again argue scope; that is, discovery as to the time period following the 2019-2020 school year would not support claims against Schimmel. ECF No. 24 at 4.

So as to avoid any doubt, the Court will permit the depositions of Powers and Schimmel. As to Taff and Statz, Defendants' argument is limited to their contentions that Taff and Statz were "not identified in the Complaint" and "not identified as witnesses." ECF No. 24 at 1, 2. Plaintiffs counter that, although not named in the complaint, Taff and Statz are both identified in Plaintiffs' Rule 26 initial disclosures. ECF No. 27 at 4; *see also* ECF No. 28-3 at 12, 13. Rule 26(a)(1) requires a party to provide the names and contact information of "people likely to have discoverable information

related to his claims"; preclusion of witness discovery is proper where a witness is not identified in Rule 26 initial disclosures, or where a party does not timely supplement the disclosures with newly identified witnesses. *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 765 (7th Cir. 2020) (quoting Fed. R. Civ. P. 26(a)(1), 26(e)1)(A)).

Defendants do not point the Court to authority, nor has the Court been able to locate any such authority, holding that a plaintiff's failure to name a witness in a complaint (where the witness is later identified in the initial disclosures as possessing discoverable information) precludes the plaintiff from conducting discovery as to that witness. The Court discerns that Defendants' request may derive from *Baraboo*, 2020 WL 5751415, where the court initially entered the parties' stipulated protective order narrowing discovery to those named in the complaint. *Id.* at *2. When the parties later returned to the court with discovery disputes similar to those raised here, the court limited "discovery of complaints of racial harassment involving students not named in the complaint" to "those made at the high school." *Id.* at *7. Importantly, the *Baraboo* court did not place a blanket prohibition on discovery regarding witnesses not named in the complaint in Title VI cases; nor will this Court.

Plaintiffs have identified Taff and Statz as possessing discoverable information, which is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Murillo v. Kohl's Corp.*, No. 16-CV-196-JPS, 2016 WL 4705550, at *2 (E.D. Wis. Sept. 8, 2016) (internal citations omitted). As Taff and Statz are either current or former employees of the District, Plaintiffs have met this burden, and the Court will permit Plaintiffs to conduct discovery related to them. *See Robinson v. Champaign Unit 4 Sch.*

Page 11 of 14
Case 2:21-cv-01284-JPS   Filed 08/26/22   Page 11 of 14   Document 37

*Dist.*, 412 F. App'x 873, 878 (7th Cir. 2011). The Court will therefore decline to enter a protective order as to discovery regarding Taff and Statz, including their personnel files (ECF No. 24 at 3) and depositions (ECF No. 32-1 at 3). Any proportionality concerns as to whether the Taff and Statz depositions are necessary should be undertaken by Plaintiffs' counsel (and, if necessary, through a meet-and-confer with Defendants' counsel) as they endeavor to narrow their list of witnesses to be deposed. *See infra* Section 3.

The Court next turns to Defendants' argument regarding whether discovery may be taken (whether of Powers, Schimmel, or of any other deponent, or limited through, for example, document discovery) as to the time period after the 2019-2020 school year. As with the Court's Order regarding complaints by other students, the Court will preclude discovery on all topics following the last date of alleged harassment. While actual knowledge may be blurry, it certainly could not manifest after the alleged harassment has concluded. And, following *C.S.*, risk-based claims divorced from past or ongoing misconduct, and deriving instead from the culture of a plaintiff's school, will not stand. 34 F.4th at 542. Similarly, discovery into the period following the 2019-2020 school year is not relevant to the deliberate indifference prong, contrary to Plaintiffs' assertion. This is because that prong, which inquires whether a school district made an "official decision not to take action to end the harassment or to limit future harassment," is relevant to "the likelihood that the plaintiff would be [or continue to be] harassed." *Id.* at 544. If the harassment has concluded, and the plaintiffs have left the school district, so too has that likelihood. Consequently, the Court grants in part and denies in part Defendants' motion for protective order in accordance with the terms of this Order.

### 3. PLAINTIFFS' MOTION FOR LEAVE TO TAKE 16 DEPOSITIONS

The Federal Rules of Civil Procedure ordinarily permit 10 depositions. Fed. R. Civ. P. 30(a)(2). To take more than 10 depositions, a party must obtain leave of court. *Id.* "Some courts have required parties seeking additional depositions or interrogatories to first exhaust available discovery and then support the motion with a particularized showing of necessity of each additional interrogatory or deposition." *Nordock, Inc. v. Sys., Inc.*, No. 11-CV-118, 2018 WL 1135653, at *1 (E.D. Wis. Feb. 28, 2018). This is one of those courts.

Although Plaintiffs contend that they have established the requisite particularity, the Court declines to decide the issue at this juncture. Plaintiffs must exhaust the 10 depositions available to them. At that point, they must again meet-and-confer with Defendants if they still wish to take any further depositions. If this process proves insufficient, they may again seek leave of the Court, taking care to support the request with a description of "the proposed deponent, articulating the relevant information [they] seek[] from that person, and *explaining why [they were] unable to obtain it through other means*." *Id.* at *2 (emphasis added). Accordingly, the Court will deny Plaintiffs' motion for leave to take 16 depositions, ECF No. 31, without prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion for protective order, ECF No. 23, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendants' motion for protective order, ECF No. 24, be and the same is hereby **GRANTED in part and DENIED in part** in accordance with the terms of this Order;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to file documents in redacted form, ECF No. 29, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to take 16 depositions, ECF No. 31, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiffs' motion to compel discovery responses, ECF No. 33, be and the same is hereby **GRANTED in part and DENIED in part** in accordance with the terms of this Order.

Dated at Milwaukee, Wisconsin, this 26th day of August, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge