UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

M.R. and L.H., minors, individually,
by and through their parent,
DARNISHA GARBADE,

              Plaintiffs,

   v.

BURLINGTON AREA SCHOOL DISTRICT, and
PRINCIPAL SCOTT SCHIMMEL (in his individual
capacity),

              Defendants.

Case No. 21-cv-1284

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTIONS FOR LEAVE TO EXCEED ALLOWABLE NUMBER OF PROPOSED FACTS AND TO DEEM DEFENDANTS' PROPOSED FACTS AS UNDISPUTED**

---

Plaintiffs respectfully request that the Court deny Defendants' Civil L.R. 7(h) Expedited Non-Dispositive Motions (1) For Leave to Exceed Allowable Number of Proposed Facts (Dkt. 72) and (2) To Deem Defendants' Proposed Facts as Undisputed (Dkt. 73) because Defendants' Proposed Findings of Facts (Dkt. 74) were filed in violation of Court's Order (Dkt. 18), E.D. Local Rule 56(b)(1)(C)(ii) and are rife with genuine disputes of material fact and competing inferences regarding the credibility of witnesses. To avoid repetition, plaintiffs oppose both of defendants' motions with this submission.[1]

---

[1] E.D. Local Rule 7(h) limits a response to an expedited non-dispositive motion to three pages. This consolidated response is less than the six pages that Plaintiffs would have been permitted by filing two separate responses under the local rule.

1

This Court's Trial Scheduling Order states:

> If dispositive motions are contemplated, the parties are ordered to meet and confer prior to filing such a motion in order to create one single, agreed-upon statement of facts to submit to the Court. The parties should omit a facts section from their briefing; the Court will only consider the single, agreed-upon statement of facts….
>
> ….Notwithstanding Civil Local Rule 56(b), the agreed-upon statement of facts must be written in narrative, paragraph form, consist of only material facts and the minimum necessary contextualizing facts, and contain pinpoint citations to the record….If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate. Fed. R. Civ. P. 56(a).

(Dkt. 18:2). Despite these instructions from the Court, Defendants knowingly filed 393 proposed findings of fact that were not in narrative form—and in violation of the 150 allowed by local rule—with their summary judgment pleadings. (Dkt. 74). Now, by serial expedited motions, Defendants seek leave not only for these facts to be accepted by the Court, but for all of them to be deemed admitted on summary judgment. (Dkt. 72, 73). Defendants cite no legal authority for this extraordinary relief, citing only a partial record of the events in the past month. (Dkt. 72, 73)

Defendants first provided Plaintiffs with their 393 proposed findings of fact on December 1, 2022. (Dkt. 42-4). Defendants claim that because Plaintiffs did not have pinpoint cite responses to every one of their 393 proposed facts in less than thirty days and ahead of a scheduled meet and confer, that Plaintiffs unreasonably delayed the process. (Dkt. 73:1). Plaintiffs were not only blindsided by the excessive number of proposed facts, many of which were genuinely disputed, but many pertinent facts were taken out of context or missing altogether. (Dkt. 80 ¶¶3-4). Despite this, Plaintiffs' counsel, spent hours over the holidays, attempting to respond to each of Defendants proposed finding of fact and providing an initial response to defense counsel by December 28, 2022, prior to the parties' scheduled meet and confer. (Dkt. 80 at ¶¶3-4). Plaintiff's counsel continued responding to Defendants' facts, providing an updated response by January 2, 2023. (*Id.*). Rather than attempting to work with Plaintiff's counsel, defense counsel filed with the Court

2

the very same 393 proposed facts originally submitted to Plaintiffs on December 1, 2022, and not arranged in narrative form as required. (Sweatt Decl. ¶ 3). Defendants filed this notwithstanding repeated communication between counsel and knowing there are genuine disputes of material facts. (Dkt. 80-1). Defendants also intentionally omitted all of Plaintiffs' proposed findings of fact, including those they conceded are not disputed. (Dkt. 79-1, Defs' Resps. in blue underline).

Under these circumstances, defense counsel's claims that Plaintiffs have not complied with the Court's order and that Defendants are entitled to have *all* of their 393 facts deemed admitted are exaggerated and completely unwarranted. *See Johnson v. Meriter Health Servs. Employee Ret. Plan*, 2015 U.S. Dist. LEXIS 158859, at *17-18 & n.4 (W.D. Wis. Jan. 5, 2015) ("scorched earth" litigation practices and "overblown hyperbolic" pleadings are "counterproductive to both … clients and the interests of justice"). Courts in this circuit have denied summary judgment for similar unreasonable and vexatious litigation tactics. *See e.g., Ralston v. Bruce Rauner*, 2022 U.S. Dist. LEXIS 153973, at *2-3 (N.D. Ill Aug. 26, 2022) ("defense counsel either did not read the standing order" on summary judgment "or did so and ignored it…. Had Defendants' counsel consulted the standing order … counsel would have immediately known that it was unreasonable to file a motion for summary judgment. But here we are. It's one thing if counsel want to waste time filing doomed motions. But it's another thing to make the Court waste time reviewing them. Counsel are warned not to engage in this type of litigation tactic in the future.").

Defendants baldly assert that their motions should be granted because the disputes of fact and disputes regarding witness credibility that plaintiffs have raised are not genuine. (Dkts. 72:2, 73:2). But resolving the parties' differences regarding these issues should not be done via expedited motion, much less summary judgment. As this Court recently said in *Estate of Stinson v. Milwaukee County*, 2022 U.S. Dist. LEXIS 189728, at *13, *14-15 (E.D. Wis. Oct. 18, 2022),

3

Case 2:21-cv-01284-JPS    Filed 01/11/23    Page 3 of 4    Document 81

"[r]esolution of the question of intent requires assessment of credibility," and "weighing competing inferences from the facts and assessing credibility are functions best left to a jury." (citing *Abdullahi v. City of Madison*, 423 F.3d 763, 769 (7th Cir. 2005)).

There is no doubt, as Defendants concede, this case presents, "a complex web of witnesses and fact." (Dkt. 72:2). Plaintiffs reasonably responded in good faith to Defendants' 393 proposed facts and have ample evidence demonstrating genuine disputes regarding the proposed facts.[2] This case should be decided on the real record, not defense counsel's fabricated "393" facts. *See Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 739 (7th Cir. 1998). "Depriving the parties of a merits disposition is serious business."); *see also Franklin v. Warmington*, 2017 U.S. Dist. LEXIS 6900, at *2 (E.D. Wis. Jan. 18, 2017) ("In the normal course of events, justice is dispensed by the hearing of cases on their merits," and "only when the interests of justice are best served" can other harsh sanctions "be consonant with the role of the courts.").

For these reasons, the Plaintiffs respectfully request that Defendants' expedited motions be summarily denied.

Dated this 11th day of January, 2023.

**GINGRAS THOMSEN & WACHS LLP**
Attorneys for Plaintiffs

*/s/ Kimberly D. Sweatt*
Mark L. Thomsen (SBN: 1018839)
Paul A. Kinne (SBN: 1021493)
Kimberly D. Sweatt (SBN: 1113323)

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
mthomsen@gtwlawyers.com
kinne@gtwlawyers.com
ksweatt@gtwlawyers.com

---

[2] In plaintiffs' drafts of preliminary proposed statements of facts reflecting disputed issues of material fact, to date, plaintiffs have specifically disputed 97 of defendants' 393 proposed findings because of competing inferences. (Sweatt Decl. ¶5), and 88 of defendants' proposed findings because they raised issues of credibility, including 18 proposed facts which specifically rely on a witness's intent. (Sweatt Decl. ¶4).

4