M.R. and L.H., minors, individually,
by and through their Parent,
DARNISHA GARBADE,
        Plaintiffs,

   v.

BURLINGTON AREA SCHOOL DISTRICT,
PRINCIPAL SCOTT SCHIMMEL (in his individual capacity),
        Defendants.

Case No. 21-cv-1284

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF A RULE 54(b) PARTIAL FINAL JUDGMENT ON PLAINTIFFS' CLAIMS AGAINST DEFENDANT SCOTT SCHIMMEL AND FOR A STAY OF PROCEEDINGS PENDING APPEAL**

## INTRODUCTION

Plaintiffs' present motion asks the Court to deviate from the standard course of practice and enter judgment pursuant to Rule 54(b) with respect to Plaintiffs' claims against Defendant Scott Schimmel so that Plaintiffs may immediately appeal the dismissal of those claims. Notably, Plaintiffs have not offered any justification for why they are seeking to depart from the standard appellate timeline set in place by the Federal Rules of Civil Procedure.

Plaintiffs' request should be denied for several reasons. First, Plaintiffs have not established that entry of a Rule 54(b) judgment would be appropriate in this case. Indeed, the factors considered in assessing requests for judgment pursuant to Rule 54(b) weigh against entry of judgment: the claims at issue in this case are not separable, an appeal of the requested Rule 54(b) judgment would result in the appellate court reviewing the same facts and same issues during a subsequent appeal, and Plaintiffs' request would result in added and unnecessary litigation costs. Second, Plaintiffs have not established that there is "no just cause for delay." They have not

explained why they believe they are entitled to partial entry of judgment as opposed to simply following the standard practice set forth by the Federal Rules of Civil Procedure. And, when considering the factors typically considered by courts for these motions, there is *ample* cause to deny their request.

Finally, because their request for a Rule 54(b) judgment should be denied, their request for a stay also should be denied. The trial in this case was already adjourned, and the parties should endeavor to resolve the remaining limited issues at trial sooner, rather than at an unknown time in the future after an appeal has been resolved.

Because there is no justification for the entry of partial judgment and Plaintiffs have failed to meet the requirements of Rule 54(b), the Court should exercise its inherent discretion and deny Plaintiffs' requests in full.

## ARGUMENT

I. **THE COURT SHOULD NOT GRANT A RULE 54(b) JUDGMENT BECAUSE IT WOULD BE INAPPROPRIATE IN THIS CASE, AND BECAUSE GRANTING A RULE 54(b) JUDGMENT WOULD RESULT IN UNNECESSARY PIECEMEAL LITIGATION.**

Judgments entered pursuant to Rule 54(b) are left to the inherent discretion of district courts. *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.,* 189 F.3d 512, 518 (7th Cir. 1999). The Seventh Circuit, as well as this District Court, have repeatedly noted that Rule 54(b) judgments are generally disfavored because they promote "piecemeal litigation." *Id.*; *see also Edgenet, Inc. v. GS1 U.S., Inc.*, No. 09-CV-65, 2011 WL 1305219, at *2 (E.D. Wis. Apr. 1, 2011).

Under Rule 54(b) a court may "direct entry of final judgment as to one or more, but less than all, claims if it expressly determines 'there is no just reason for delay.'" *Edgenet,* 2011 WL 1305219, at * 1 (citing Fed. R. Civ. P. 54(b)). Before a court can consider approving a request for judgment under Rule 54(b), the court must conclude that "(1) the claims … [are] separable from

those not adjudicated; (2) the decision … [is] final; and (3) … [there is] 'no just reason for delay.'" *Id.* (quoting *Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1108 (7th Cir.1984)). However, even if these elements are met, <u>a court does not need to grant the request for judgment</u>; the "power" to grant Rule 54(b) judgments is not the same as a "duty." *Continental,* 189 F.3d at 518. District courts should weigh "the advantage of allowing an immediate appeal against the advantage of delaying the appeal until the pending claims can be resolved so that all can be decided in a single appeal at a later time." *Id*.

The Seventh Circuit has instructed that judgments pursuant to Rule 54(b) "must therefore be confined to 'situations where one of multiple claims is fully adjudicated—to spare the court of appeals from having to keep relearning the facts of a case on successive appeals.'" *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co*., 518 F.3d 459, 464 (7th Cir. 2008) (quoting *Indiana Harbor Belt R. Co. v. Am. Cyanamid Co*., 860 F.2d 1441, 1444 (7th Cir. 1988)).

### a. <u>Defendants acknowledge that the dismissal of all claims against Schimmel with prejudice constitutes "finality" for purposes of those claims.</u>

The Defendants acknowledge that the element of "finality" is satisfied since Plaintiffs' claims against Schimmel were dismissed with prejudice and Schimmel was dismissed from the suit. *See Curtiss-Wright Corp. v. General Elect. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980) (citation omitted). However, even though the finality element of a court's consideration for judgment is pursuant to Rule 54(b) is satisfied, the Court should deny Plaintiffs' request for judgment because Plaintiffs cannot establish separability and cannot establish that there is "no just reason for delay" in entering judgment.

### b. There is no separability between the claims Plaintiffs seek to appeal and those which would be appealed at a later date.

Although the claims against Schimmel were brought pursuant to the Equal Protection Clause and the claims against the Burlington Area School District (the "District") were brought pursuant to Title VI, the claims are not separable such that judgment could be entered under Rule 54(b) because the claims are factually intertwined to such a degree that piecemeal appeals of the same issues would inevitably result.

There is no "bright-line rules for determining whether two claims are separate for Rule 54(b) purposes…." *Marseilles*, 518 F.3d at 464. However, the panel in *Marseilles* drew guidance from another Seventh Circuit decision, *Amalgamated Meat Cutters & Butcher Workmen v. Thompson Farms Co.,* which noted that, "at a minimum, claims cannot be separate unless separate recovery is possible on each" and claims cannot be separate when the claims are "so closely related that they would fall afoul of the rule against splitting claims if brought separately…." *Marseilles*, 518 F.3d 464 (quoting *Amalgamated Meat Cutters & Butcher Workmen v. Thompson Farms Co.,* 642 F.2d 1065, 1070–71 (7th Cir.1981)). Further, even if claims are legally distinct, they will be considered a single claim "for purposes of Rule 54(b) if they have a 'significant factual overlap.'" *American Cyanamid*, 860 F.2d at 1444 (citation omitted).

Plaintiffs seek entry of judgment pursuant to Rule 54(b) as to the Plaintiffs' "42 U.S.C. § 1983 Fourteenth Amendment Equal Protection Clause claim against defendant Scott Schimmel…." [Dkt. 154, p. 1.] As this Court noted in its May 17, 2023 Order, Plaintiffs' claims against Schimmel (albeit "underdeveloped and poorly pleaded and briefed") appear to be guided by *DiStiso v. Cook,* "which provides that 'claims of intentional race discrimination can be based on the 'deliberate indifference' of school boards, administrators, and teachers to invidious 'harassment, in the school environment, of a student by other children or parents.'" [Dkt. 148, pp.

57-58 (*citing DiStiso v. Cook*, 691 F.3d 226, 240-41 (6th Cir. 2012)).] This Court also noted that caselaw from other circuits which have adopted this claim have determined that the standard for individual liability for deliberate indifference to peer-to-peer racial harassment is "substantially the same" to the standards applicable for Title VI claims. [Dkt. 148, pp. 58-59 (citations omitted).] Indeed, when evaluating the claims against Schimmel on summary judgment, the Court relied on aspects of its prior assessment of the Plaintiffs' Title VI claims against the District. [*See, e.g.*, Dkt. 148, p. 61 n. 31.]

While Plaintiffs' two claims – the Title VI claims against the District and the Equal Protection Claims against Schimmel – allow for different recoveries and are brought against different entities, they are not separable such that judgment may be entered pursuant to Rule 54(b). These claims rely on substantially the same facts to evaluate substantially the same legal elements. [Dkt. 148, p. 28 (citing case law with elements of Title VI claim); pp. 58-59 (citing case law with elements of Equal Protection claim).] This is not a situation where the "same nucleus of facts" gives rise to substantively different claims, such as where a plaintiff asserts claims against different defendants for Title IX and Title VI. *See Mandawala v. Baptist Sch. of Health Pros.,* No. SA19CV01415JKPESC, 2020 WL 10352339, at *2 (W.D. Tex. Nov. 23, 2020), *aff'd sub nom. Mandawala v. Ne. Baptist Hosp.,* Counts 1, 2, & 11, 16 F.4th 1144 (5th Cir. 2021). Rather, the same facts go to the same legal elements of the nearly identical claims: both claims rely upon the same evidence of the same peer conflicts (which underwent the same analysis regarding whether they were race-based such that they could support the cited claims) [*see, e.g.*, Dkt. 148, p. 29, p. 59 (as to M.R.); pp. 32-33, p. 59 (as to L.H.)], both claims rely on the same evidence of the same required notice element [*see, e.g.*, Dkt. 148, p. 37, p. 59 (as to M.R.), pp. 42-43; p. 59 (as to L.H.)], and both claims rely on the same evidence of the same responses to peer conflicts (which, again,

underwent the same analysis for evaluating deliberate indifference) [*see, e.g.*, Dkt. 148, pp. 45-48, pp. 60-64 (as to M.R.); pp. 48-50, pp. 60-64 (as to L.H.).]

Piecemeal appeals would invite two separate appellate courts to review identical evidence on identical elements for claims which are nearly identical, which might result in two different rulings (even though Defendants believe both appellate courts would come to the same conclusion as the District Court). For example, what if the Seventh Circuit reviewing the Equal Protection claim concluded that certain instances of peer conflict were indeed racial in nature (or that such a question was required to go to the jury), while the second appellate court, later reviewing the dismissal of M.R.'s peer-to-peer Title VI[1] claim upheld the District Court's determination on that issue? There would be two conflicting decisions on the same issue, arising from the same set of facts, which is the exact sort of piecemeal appellate practice that courts seek to avoid. This demonstrates just how intertwined the claims are and explains why the claims are not separable.

### c. **Plaintiffs cannot establish that there is "no just reason for delay."**

In addition to the Equal Protection Claim not being separable from the Title VI claims, Plaintiffs cannot establish that there is "no just reason for delay" such that the Court could enter a Rule 54(b) judgment. To the contrary, the relevant factors that are often considered by courts weigh in favor of denying Plaintiffs' request, allowing the case to proceed, and having all appellate issues decided together at a later date.

In evaluating whether there is "no just reason for delay," district courts have "great leeway" to consider "any relevant factors," but are often guided by the following non-exhaustive list:

> (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of

---

[1] While M.R.'s peer-to-peer Title VI claim is not pending in the District Court because it was dismissed, it would not be subject to appeal until the disposition of the case.

> a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Bank of Lincolnwood v. Fed. Leasing, Inc*., 622 F.2d 944, 949 (7th Cir.1980) (citation omitted). In addition, the District Court is free to consider "any factor that seems relevant to a particular action, keeping in mind the policies the rule attempts to promote." *Id*. (quoting 10 C. Wright & A. Miller, Federal Practice and Procedure s 2659 at 77-78 (1973)). Those policies include the avoidance of piecemeal litigation and having appellate courts re-learning the case on multiple appeals. *See Marseilles*, 518 F.3d at 464.

Consideration of the non-exhaustive list of factors, as well as the general disapproval of piecemeal litigation, establishes ample reason to delay the entry of judgment in favor of Schimmel:

1. <u>Factor One: Relationship between claims</u>. Plaintiffs have asserted that the Title VI and "§1983 Fourteenth Amendment claim" are separate and distinct, but they are incorrect. As discussed *supra*, the Equal Protection Claim and Title VI peer-to-peer harassment claims are not separable and are, at a minimum, extremely closely related both factually and legally. As explained above, appellate review of certain aspects of the Equal Protection Claim could have implications on the Title VI claim, which would not be subject to review by the appellate court.

2. <u>Factor Two: Need for review might be mooted</u>. Defendants disagree with Plaintiffs' position that need for review will not be mooted. A motion for reconsideration is currently pending and, if the District Court grants Defendants' motion, Plaintiffs' present motion will be mooted because judgment can be entered in favor of Defendants on all claims. [*See* Dkt. 149.]

3. <u>Factor Three</u>: A reviewing court may be obliged to consider the same issue a second time. As discussed *supra*, an appeal of the Equal Protection Claim and a subsequent appeal of the Title VI peer-to-peer harassment claims will require the appellate court to consider, at a minimum, three of the same issues (whether peer conduct was racial harassment, whether there was adequate notice, and whether the response was deliberately indifferent). The Seventh Circuit has reversed the entry of Rule 54(b) judgments when such a judgment "leaves open the possibility of [the Seventh Circuit] having to rule on the same or very similar issues on more than on occasion…." *U.S. Gen., Inc. v. Albert*, 792 F.2d 678, 683 (7th Cir. 1986). Accordingly, this factor strongly weighs against entry of judgment.

4. <u>Factor Four</u>: Off-Sets. Not applicable.

5. <u>Factor Five: Miscellaneous factors such as delay, economic considerations, shortening time for trial, expense, etc.</u> Entering judgment pursuant to Rule 54(b) would cause unnecessary expense insofar as the parties will need to continue litigating in the District Court while also pursuing an appeal. Plaintiffs are also seeking a stay pending an appeal if their request for judgment is granted, which would undoubtedly delay the resolution of the remaining claims in this case substantially. Plaintiffs have already delayed this case substantially, and their requests for further delay should not be condoned. [*See, e.g.*, Dkt. 115, p. 6.]

    Plaintiffs argue that if their request for judgment is granted, the "Seventh Circuit will be asked to consider whether the scope of discovery and evidence on summary judgment was sufficient for plaintiffs to proceed to trial on their §1983 Fourteenth Amendment claims against Schimmel" such that it is a factor weighing in favor of entry of judgment. [Dkt. 155, p. 9.] It is entirely unclear what they are arguing and why they believe this constitutes a factor in their favor. It is true that if Plaintiffs' motion is granted and they

appeal, the Seventh Circuit will review the dismissal of the Equal Protection Claim against Schimmel, but that is not an argument in favor of entering judgment – that is simply the relief Plaintiffs have requested.

Plaintiffs also argue that avoidance of two trials justifies entry of judgment pursuant to Rule 54(b). [*See* Dkt. 155, pp. 9-10.] But Plaintiffs have also argued that the claims are separable; if they are separable, two trials would not be duplicative at all, and there would be no time saved by severing the trials. However, as Defendants have pointed out, the claims are indeed not separable. In the unlikely event the Seventh Circuit were to reverse this Court's decision on the dismissal of the claims against Schimmel, that decision would not necessarily result in an immediate need to schedule a trial on the claims because this Court did not issue a decision on whether Schimmel is entitled to qualified immunity for his actions. [*See* Dkt. 148; *see also* Dkt. 125, pp. 21-22 (Defendants arguing for qualified immunity).] Remand by the Seventh Circuit would result in further pre-trial litigation in this Court about the applicability of qualified immunity *before the claims against Schimmel would proceed to trial* – which would further delay disposition. This again weighs in favor of not entering judgment pursuant to Rule 54(b), because appellate review could delay disposition of the remaining claims pending.

Additionally, Plaintiffs argue that litigation in the District Court would be impacted if the Seventh Circuit reverses the dismissal of the claims against Schimmel because "[a]n appeal now would bring before the Seventh Circuit all prior non-final orders, including the August 26, 2022 order limiting discovery…." [Dkt. 155, p. 10.] Plaintiffs' argument is curious because they concede that the piecemeal litigation they seek to pursue could have potential consequences in the pending litigation that would result in substantial delays to

8

the litigation in the District Court: if the Seventh Circuit reversed a discovery ruling, the District Court would need to re-open discovery (and Plaintiffs may file motions seeking to conduct further discovery despite having exhausted all available depositions, for example; *see* Dkt. 89, ¶ 3), the need for further discovery would obviously delay trial (which was scheduled to take place less than a month after Defendants filed their renewed motion for summary judgment), and the Defendants would seek to file a renewed motion for summary judgment in light of the additional discovery conducted. In other words, Plaintiffs have conceded that review by the appellate court would, indeed, further delay proceedings in the District Court unnecessarily.

Thankfully, Plaintiffs' argument is patently incorrect; if judgment were entered pursuant to Rule 54(b) with respect to Schimmel, the Seventh Circuit would *not* be reviewing "all prior non-final orders" as argued by Plaintiffs. The sole case cited by Plaintiffs to support their assertion is *House v. Belford*, which *did not involve the entry of a Rule 54(b) judgment*. [*See* Dkt. 155, p. 10.] *House v. Belford*, 956 F.2d 711 at 716-17 (7th Cir. 1992) (Court explicitly noting "there was *no entry of final judgment pursuant to Rule 54(b)*…[and] [l]ikewise, *there was no Rule 54(b) judgment entered* for the summary judgment dismiss[al]…." (emphasis added)). There is no authority supporting Plaintiffs' position[2] and, indeed, there is ample authority to the contrary. *See, e.g., United Indus., Inc.*

---

[2] Plaintiff also referenced *E.I. du Pont de Nemours & Co. v. Kolon Indust.*, and *Trugman-Nash, Inc. v. New Zealand Dairy Bd.*, but neither support their position pertaining to an appellate court reviewing all non-final orders as part of an appeal from judgment entered pursuant to Rule 54(b). [Dkt. 155, p. 10.] Rather, the cases discussed whether certification under Rule 54(b) was appropriate in each of those cases considering how scope of discovery could change if the appellate court were to reverse the district courts' rulings on motions to dismiss. In *E.I. du Pont*, the District Court noted that Rule 54(b) certification of judgment issued after a motion to dismiss was appropriate because the appellate court decision may provide clarity on the scope of discovery. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, No. CIV.A 3:09CV58, 2010 WL 427879, at *1, 3 (E.D. Va. Feb. 3, 2010). In *Trugman*, the District Court was also deciding whether to issue a Rule 54(b) certification of judgment after granting a motion to dismiss, similarly because discovery may be impacted if the appellate court reversed the district court's decision. *Trugman-Nash, Inc. v. New Zealand Dairy Bd., Milk Prod. Holdings (N. Am.) Inc*., 954 F. Supp. 733, 737-38 (S.D.N.Y. 1997).

*v. Eimco Process Equip. Co.*, 61 F.3d 445, 448 (5th Cir.1995) ("We lack appellate jurisdiction over the two rulings not referenced by court's certification. In an interlocutory appeal certified by the district court under ... Rule 54(b), we have no jurisdiction to consider orders of the district court outside the scope of certification."). And, as the Eleventh Circuit has explained, if Plaintiffs' position were accepted, "certification of one claim would effectively certify all decided claims, and that would undermine 'the historic federal practice against piecemeal appeals,' a policy that Rule 54(b) preserves…." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1288 (11th Cir. 2010) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S. Ct. 895, 901, 100 L. Ed. 1297 (1956)).

Finally, markedly absent from Plaintiffs' petition – which the Court should note – is any "legitimate justification for entering judgment now" as opposed to following the normal appellate timeline that has been established by the Federal Rules of Civil Procedure. *Bishop v. Bosquez*, No. 16-C-1447, 2018 WL 10550304, at *1 (E.D. Wis. Sept. 21, 2018). Plaintiffs have not demonstrated they will "suffer unjust harm from the normal delay pending resolution of all claims in the case" that would justify or substantiate their request. *Id.* (quoting *Wright v. Kosciusko Med. Clinic, Inc.*, 791 F.Supp. 1327, 1334 (N.D. Ind. 1992)). Indeed, given that the only pre-trial deadlines that remain in the case are pre-trial submissions and the trial itself, disposition of the remaining claims should be quick. There is no unusual hardship or unfairness that would result to the Plaintiffs if the case proceeds according to the standard timeline and therefore, no justifiable basis for their request. The absence of any unusual circumstances or undue hardship weighs against entry of judgment under Rule 54(b).

## II. THE COURT SHOULD NOT GRANT A STAY.

To avoid the piecemeal litigation and appeals that would inevitably result from the entry of a Rule 54(b) judgment, Plaintiffs have also requested a stay of all proceedings in the District Court pending a resolution of the appeal they intend to seek. This argument inherently confirms that entry of a Rule 54(b) judgment would cause piecemeal litigation: if such risks were not inherent, Plaintiffs would not need to request the stay. The trial in this case has already been adjourned, and further delay should not be condoned.

## CONCLUSION

This case does not present a situation where judgment pursuant to Rule 54(b) should be entered. Rather, the case should proceed in the District Court and Plaintiffs can appeal the Court's ruling dismissing the claims against Schimmel after disposition of the remaining claims. Accordingly, Plaintiffs' motion should be denied in full.

Dated this 26th day of June, 2023.

> AXLEY BRYNELSON, LLP
>
> *s/ Danielle Baudhuin Tierney*
> Lori M. Lubinsky, SBN 1027575
> Danielle Baudhuin Tierney, SBN 1096371
> Attorneys for Defendants
> P.O. Box 1767
> Madison, WI 53701-1767
> Telephone: 608.257.5661
> Email: llubinsky@axley.com; dtierney@axley.com