UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

M.R. and L.H., *minors, individually, by and through their parent*, DARNISHA GARBADE,

Plaintiffs,

v.

BURLINGTON AREA SCHOOL DISTRICT,

Defendant.

Case No. 21-CV-1284-JPS

**ORDER**

1. **INTRODUCTION**

On May 17, 2023, this Court granted in part and denied in part Defendant Burlington Area School District's ("Defendant") renewed motion for summary judgment, dismissing with prejudice Plaintiff M.R.'s 42 U.S.C. § 2000d ("Title VI") peer-to-peer/hostile environment claim against Defendant, dismissing with prejudice Plaintiffs' Fourteenth Amendment Equal Protection Claim against former Defendant Scott Schimmel ("Schimmel"), and dismissing Schimmel from the action. ECF No. 148.

On May 24, 2023, Defendant moved for expedited clarification on the issue of damages. ECF No. 149. Defendant wrote that while the parties "briefed" the issue of damages, the Court "did not address the damages issue" in its order. *Id*. at 1. Defendant represented that if its "argument is accepted, it would be dispositive of the Plaintiffs' remaining claims." *Id*. Defendant accordingly requested "a supplemental order addressing the damages issue." *Id*. at 2.

On May 30, 2023, the Court addressed Defendant's motion to clarify in a text order. The Court noted that "[t]he parties['] discussion of damages for which [Defendant], specifically, could be held liable is contained within a total of approximately three paragraphs across the entirety of the summary judgment briefing" and accordingly ordered the parties to "file supplemental briefing on the issue of damages" specifically relative to Defendant. May 30, 2023 text order.

In accordance with the Court's order, the parties filed supplemental briefs. ECF Nos. 152, 156.[1] For the reasons provided herein, the Court concludes that Plaintiffs have no recoverable damages as a matter of law as to the Title VI claims, will dismiss such claims without prejudice for lack of standing, and will dismiss this action.

## 2. RELEVANT FACTS[2]

Plaintiffs M.R. and L.H., minors, individually, by and through their parent, Darnisha Garbade's ("Plaintiffs") complaint seeks judgment "[a]gainst [Defendant] in an amount sufficient to compensate MR and LH for all economic, physical, and emotional losses," "[a]n award of all attorney fees and costs pursuant to 42 U.S.C. § 1988," and "[a]ny and all other relief the Court deems just to award, including but not limited to equitable relief." ECF No. 1 at 29–30.[3]

---

[1] Plaintiffs also filed a motion to seal, ECF No. 158, which will be granted.

[2] For a complete recitation of the facts of this case, *see* ECF No. 148 at 2–25.

[3] Plaintiffs also sought judgment "[a]gainst Principal Scott Schimmel, in his individual capacity, for all economic, physical, and emotional losses" and "[a]gainst Defendant Principal Scott Schimmel for punitive damages for violation of the Plaintiffs' rights as set forth above in an amount to be determined at trial of this matter." These requests are moot in light of the Court's dismissal of Schimmel as a defendant from this action. ECF No. 148.

Plaintiffs' Rule 26(a) initial disclosures provides as follows:

**Damages**

A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

1. Emotional distress damages.

2. Punitive damages.

3. Plaintiff also seeks all costs, without limitation to attorneys' fees, experts' fees, and taxable costs and disbursements, and any other such relief as the Court deems just.

ECF No. 30-3 at 15–16.

It appears that it was not until Plaintiffs responded to Defendant's renewed motion for summary judgment that Plaintiffs asserted that they were "entitled to economic damages for their Title VI claim, which includes the cost of their therapy." ECF No. 129 at 31.[4]

## 3. LAW AND ANALYSIS

The parties do not dispute that neither emotional distress damages nor punitive damages are available in a Title VI action. *See* ECF No. 156 at 2 (citing *Cummings v. Premier Rehab Keller, PLLC*, 142 S. Ct. 1562 (2022) and *Barnes v. Gorman*, 536 U.S. 181 (2002)). The parties *do* dispute 1) whether it

---

[4] *See* ECF No. 152 at 3 (Defendant representing that "the only reference to the possibility that Plaintiffs may assert such a claim for damages is Plaintiffs' counsels' brief reference in their opposition to the Defendants' Renewed Motion for Summary Judgment").

is appropriate to address the issue of damages on summary judgment, and 2) if, so, what damages—if any—Plaintiffs may be able to recover.

### 3.1 Addressing Damage Availability on Summary Judgment

Plaintiffs argue that damages are "not part of either parties' actual *claims or defenses*" and that the issue of damage availability is therefore not appropriately resolved on summary judgment. ECF No. 156 at 2. In support, Plaintiffs cite to, *inter alia*, *Mason v. Miles*, No. 20-cv-0911, 2023 U.S. Dist. LEXIS 50338, at *39 (N.D. Ill. Mar. 24, 2023). The court there wrote that "it is questionable whether the availability of a certain type of damages is an appropriate subject for summary judgment, as the prayer for relief and type of damages sought are not part of the claim or defenses for which summary judgment may be sought." *Id*.

The Court disagrees and concludes that it may properly determine at this juncture what categories of damages are or are not available to Plaintiffs on their Title VI claim. The Court may, and perhaps should, as a matter of efficiency, clarify which categories of damages may be available to Plaintiffs should they succeed on their Title VI claim. *See Cortes v. Bd. of Governors*, 766 F. Supp. 623, 624 (N.D. Ill. 1991) (addressing, post-denial of summary judgment motion on Rehabilitation Act claim, defendants' argument that plaintiff's "prayers for compensatory, punitive and liquidated damages, back pay, front pay and interest, and plaintiff's jury demand, should be stricken"); *Doe v. Town of N. Andover*, No. 1:20-cv-10310-IT, 2023 U.S. Dist. LEXIS 85243, at *34 (D. Mass. May 16, 2023) (addressing, in Title IX case, the merits of defendants' motion for summary judgment arguing that plaintiff suffered no cognizable damages). That is particularly true in this circumstance, since Defendant asserts that resolution of this issue in its favor would dispose of the action. *See* ECF No. 149 at 1.

Page 4 of 12
Case 2:21-cv-01284-JPS   Filed 07/27/23   Page 4 of 12   Document 163

### 3.2 Recovery of Damages not Disclosed in Rule 26(a) Initial Disclosures

Defendant argues that Plaintiffs' recent assertion that they are "entitled to economic damages for their Title VI claim, which includes the cost of their therapy," fails because Plaintiffs "never identified economic damages or the cost of their therapy as an item of damages in this case" prior to the summary judgment briefing. ECF No. 152 at 3 (quoting ECF No. 129 at 31). Plaintiffs argue that they were not required to supplement their disclosures because the therapy costs they seek to recover were otherwise made available to Defendant, and in any event, that what Plaintiffs did or did not plead or disclose as damages earlier in the case does not conclusively determine the damages to which they may ultimately be entitled. ECF No. 156 at 4–5.

Rule 26(a)(1)(A)(iii) provides that a party must provide as part of its initial disclosures "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." The Rule also requires parties to timely supplement their disclosures upon "learn[ing] that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties . . . ." Fed. R. Civ. P. 26(e)(1)(A).

"Compliance with Rule 26 is enforced through Rule 37, which provides that a party who, without substantial justification, fails to disclose information required by Rule 26(a) is not permitted to use the information

at trial unless such failure is harmless." *Mays v. Grand Daddy's, LLC*, No. 14-cv-461-slc, 2015 U.S. Dist. LEXIS 733, at *9–10 (W.D. Wis. Jan. 5, 2015).

Plaintiffs' initial disclosures include no computation of damages, nor amounts or estimates of any kind. They do not reference any economic damages as a general matter. Plaintiffs concede that they did not supplement those disclosures at any time thereafter. ECF No. 156 at 5 (offering to "update their disclosures if needed").

Plaintiffs argue, however, that "Defendants have long been aware of the treatment the plaintiffs underwent as a result of their experiences in the school district" and that "the defense was provided signed authorizations from the plaintiffs to obtain the plaintiffs' counseling records and bills." ECF No. 156 at 4. Accordingly, Plaintiffs claim, they had no obligation to supplement their disclosures because the economic damages alleged had "otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

The Court is satisfied that Plaintiffs' obligation to supplement their Rule 26(a) initial disclosures with respect to damages did not arise because the therapy costs had "otherwise been made known to the other parties . . . ." Fed. R. Civ. P. 26(e)(1). Plaintiffs' counsel "provided the defense with signed authorizations for the defense to obtain copies of the therapy records and bills for the mental health treatment the minor plaintiffs underwent." ECF No. 157 at 1. Defendant did obtain such records last year. *Id*. at 2. Accordingly, it was otherwise made known to Defendant that Plaintiff intended to seek damages relating to the costs of therapy.

### 3.3   Availability of Economic Damages in Title VI Actions

Having concluded that Rule 26, as enforced by Rule 37, does not prohibit Plaintiffs from recovering their therapy costs, the Court must now

Page 6 of 12
Case 2:21-cv-01284-JPS    Filed 07/27/23    Page 6 of 12    Document 163

determine whether such damages are even recoverable in a Title VI action. Defendant argues that "there is no legal authority for which the Court could award the therapy costs as a recoverable contractual remedy for a Title VI claim." ECF No. 152 at 3.

It is undisputed that, as of relatively recently, Title VI plaintiffs cannot recover emotional distress damages. *Cummings*, 142 S. Ct. at 1576. The question is therefore, essentially, whether Plaintiffs' attempt to recover costs associated with therapy and mental health treatment are an inappropriate proxy for emotional distress damages and therefore unrecoverable in Title VI. *See* ECF No. 152 at 4.

In *Cummings,* the Supreme Court acknowledged that while the Spending Clause statutes—including Title VI—are "silent as to available remedies," the Court's "Spending Clause cases [have set out that] a federal funding recipient may be considered 'on notice that it is subject not only to those remedies explicitly provided in the relevant legislation, but also to those remedies traditionally available in suits for breach of contract.'" 142 S. Ct. at 1571 (quoting *Barnes*, 536 U.S. at 187). The Court "identified two such remedies" traditionally available in suits for breach of contract: "compensatory damages and injunctions." *Id.*; *see also Barnes*, 536 U.S. at 187 ("[A] recipient of federal funds is nevertheless subject to suit for compensatory damages . . . .") (citation omitted). Emotional distress damages, in contrast, are "generally not compensable in contract." *Cummings,* 142 S. Ct. at 1571 (citation omitted). Such damages are not, therefore, recoverable in actions brought pursuant to the Spending Clause statutes.

Courts have divided on the issue of whether *Cummings's* prohibition on recovery of emotional distress damages extends to monetary costs

associated with emotional distress. In *Pennington v. Flora Community Unit School District No. 35*, No. 3:20-CV-11-MAB, 2023 U.S. Dist. LEXIS 10565, at *7–8 (S.D. Ill. Jan. 20, 2023), for example, the court distinguished general damages for emotional distress from compensatory damages for medical expenses associated with psychological injuries. The defendant there sought to analogize the case to *Cummings,* claiming that Plaintiffs sought only unrecoverable emotional distress damages. *Id*. at *7. The court disagreed, writing that "Plaintiffs did not only request emotional distress damages" but rather "very clearly requested medical expenses, which the allegations attribute to treatment for physical injuries they suffered as a result of bullying, as well as treatment for the psychological injuries." *Id*. at *8. "As the Court sees it, these are compensatory damages for economic losses, which *Cummings* did not preclude." *Id*.

A greater number of district courts have held otherwise, however. The court in *Doe v. City of Pawtucket* concluded that the medical costs the plaintiff sought to recover were not precluded by *Cummings* because the costs resulted from "physical injuries" or, in other words, "non-emotional distress harm." No. 17-365-JJM-LDA, 2022 U.S. Dist. LEXIS 179574, at *10 (D.R.I. Sept. 29, 2022) ("Because these compensatory damages result from non-emotional distress harm, *Cummings* does not preclude them."); *see also K.G. v. Woodford Cnty. Bd. of Educ.*, No. 5:18-555-DCR, 2022 U.S. Dist. LEXIS 233069, at *7–8 ("[Plaintiffs] appear to contend that they have a right to compensatory damages unrelated to emotional distress, but [they] provide no evidence of injuries except 'anxiety, depression, diet, anger, fear, obsessive thoughts,' and 'stress,' which are emotional distress injuries . . . . [C]ompensatory damages are inappropriate in this case because the only injuries that the plaintiffs have arguably alleged, if at all, are emotional in

Page 8 of 12
Case 2:21-cv-01284-JPS    Filed 07/27/23    Page 8 of 12    Document 163

nature*."); see also Doe v. Fairfax Cnty. Sch. Bd.*, No. 1:18-cv-00614-MSN-IDD, 2023 U.S. Dist. LEXIS 13886, at *15–16 ("While Plaintiff asserts that she produced invoices relating to expenses for counseling and medical treatment for stomach-related issues, . . . the Court finds these damages 'resemble varying forms or descriptions of emotional distress' and are therefore unavailable under *Cummings* . . . . [T]he medical expenses Plaintiff seeks to recover are proxies for impermissible emotional distress damages . . . .") (citing *City of Pawtucket*, 2022 U.S. Dist. LEXIS 179574, at *4).

In the absence of clear guidance from the Seventh Circuit, the Court will join the greater number of courts that have concluded that the mental health treatment costs sought to be recovered are mere proxies for emotional distress damages and therefore unrecoverable. *Cummings* emphasized that plaintiffs suing pursuant to the Spending Clause statutes can recover only "those remedies explicitly provided in the relevant legislation" and "those remedies traditionally available in suits for breach of contract." 142 S. Ct. at 1571 (citation omitted). The Supreme Court rejected the idea that it would be "appropriate to treat funding recipients as aware that they may be subject to 'rare' contract-law rules that are 'satisfied *only in particular settings*.'" *Id.* at 1574 (emphasis added).

Costs associated with psychiatric injuries do not appear to be "traditionally available in suits for breach of contract." *Id.* at 1571; John D. McCamus, *Mechanisms for Restricting Recovery for Emotional Distress in Contracts*, 42 LOY. L. A. L. REV. 51, 53 (2008) ("[I]t is commonly accepted as a general rule that injuries in the form of mental distress or emotional disturbance resulting from a breach of contract are not compensable."). And even if the Court were to conclude otherwise, it would be constrained to conclude that contract-law rules regarding recovery of costs associated with

psychiatric injury are, indeed, "satisfied only in particular settings." *Cummings*, 142 S. Ct at 1574; *see, e.g.,* Douglas J. Whaley, *Paying for the Agony: The Recovery of Emotional Distress Damages in Contract Actions*, 26 SUFFOLK U. L. REV. 935, 940, 943 (1992) ("Responses [to claims for emotional distress in contract cases] vary from no recovery, to recovery where there is physical injury, to recovery where an independent tort mingles with contractual theory, to recovery where emotional distress is highly likely."). Plaintiffs do not argue otherwise. Nor did the court in *Pennington* analyze this aspect of *Cummings.*

In light of the foregoing, the Court concludes that Plaintiffs' attempt to recover costs associated with mental distress injuries is impermissible pursuant to *Cummings.*

### 3.4 Availability of Nominal Damages in Title VI Actions

Although the parties do not address it, for the sake of completeness the Court will discuss whether Plaintiffs may still recover nominal damages. The Court must conclude that, since Plaintiffs have actual damages that are unrecoverable as opposed to having no actual damages at all, they may not. *See Tracy v. Bd. of Regents,* No. CV 497-45, 2000 U.S. Dist. LEXIS 11320, at *2 (S.D. Ga. June 16, 2000) (noting that Title VI plaintiff had "shown no actual damages" and that nominal damages are "recoverable whenever there has been a breach of a legal duty or the invasion of a legal right *and no actual damage resulted* or was proved") (citation omitted); *Hejmej v. Peconic Bay Med. Ctr.,* No. 17-cv-782 (JMA) (SIL), 2022 U.S. Dist. LEXIS 119114, at *25 (E.D.N.Y. July 5, 2022) (noting that "the injuries at the heart of Plaintiffs' claims amount to non-compensable emotional distress" and agreeing with defendant's assertion that plaintiffs "'cannot salvage' their Rehabilitation Act claim 'merely be recasting their request for relief as

Page 10 of 12
Case 2:21-cv-01284-JPS    Filed 07/27/23    Page 10 of 12    Document 163

seeking nominal damages'");[5] *City of Pawtucket,* 2022 U.S. Dist. LEXIS 179574, at *13–14 ("Plaintiffs possess no claim for nominal damages . . . . Nominal damages are intended to be a substitute for a lack of damages or damages that cannot be proven . . . . They are not a substitute for damages that might be proven but are otherwise unavailable . . . . Therefore, to the extent that Plaintiffs seek nominal damages for harm that is properly characterized as emotional distress, the Court rejects such a facial rebranding.") (internal citations omitted).

## 4. CONCLUSION

For the reasons set forth above, Plaintiffs are left without any recoverable damages. Their complaint additionally requested "[a]ny and all other relief the Court deems just to award, including but not limited to equitable relief," ECF No. 1 at 29–30, but Plaintiffs have made no mention of equitable relief since. In fact, their initial disclosures appear to have abandoned their prayer for equitable relief. *See* ECF No. 30-3 at 15–16.

The Court must therefore conclude that Plaintiffs lack standing. "Without a redressable injury, [a plaintiff] lacks Article III standing to press this claim." *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–62 (1992)). The Court is therefore constrained to dismiss Plaintiffs' Title VI claims without prejudice. *See White v. Ill. State Police,* 15 F.4th 801, 808 (7th Cir. 2021). Because Plaintiffs' action will be dismissed, Plaintiffs' motion for entry of partial final

---

[5]That court also rejected "Plaintiffs' contention that they [we]re entitled to damages for 'dignitary harm' sustained as a result of Defendants' alleged discrimination," writing that "Plaintiffs offer no post-*Cummings* authority to support their argument that compensatory damages for 'dignitary harm' are distinct from the emotional distress damages precluded by *Cummings*." *Hejmej,* 2022 U.S. LEXIS 119114, at *25–26.

judgment and for a stay of proceedings pending appeal, ECF No. 154, will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for entry of partial final judgment and for a stay of proceedings pending appeal, ECF No. 154, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the Title VI claims that survived the Defendants' renewed motion for summary judgment, ECF No. 122 at 64–65, be and the same are hereby **DISMISSED without prejudice** for lack of standing;

**IT IS FURTHER ORDERED** that the Court's order, ECF No. 148 at 65, granting in part and denying in part Defendants' renewed motion for summary judgment, be and the same is hereby **VACATED** solely to the extent that it dismissed Plaintiffs' Title VI claim as to M.R. with prejudice; said dismissal is to operate **without prejudice** for lack of standing;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to seal, ECF No. 158, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge